AUSA Carmi Schickler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25 MJ 1663

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                 :  COMPLAINT
                                          :
           v.                             :  Violations of 18 U.S.C. §§ 1951 and
                                          :  924(c)
DARRYL CONKLIN,                           :
                                          :  COUNTY OF OFFENSE:
           Defendant.                     :  ORANGE
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   AARON LEASTMAN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
(Hobbs Act Robbery)

   1.   On or about May 14, 2025, in the Southern District of New York and elsewhere, DARRYL CONKLIN, the defendant, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CONKLIN robbed at gunpoint a gas station convenience store in the vicinity of 2215 State Route 52 in Pine Bush, New York.

(Title 18, United States Code, Section 1951.)

## COUNT TWO
(Firearms Use, Carrying, and Possession)

   2.   On or about May 14, 2025, in the Southern District of New York and elsewhere, DARRYL CONKLIN, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count One of this Complaint, knowingly used and carried a firearm, and, in furtherance of such crime, possessed a firearm, which was brandished.

(Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii).)

   The bases for my knowledge and for the foregoing charges are, in part, as follows:

   3.   I am a Special Agent with the FBI. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts

that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### May 14, 2025 Gas Station Robbery

4. Based on my participation in this investigation, conversations with other members of law enforcement, and review of surveillance video, records, and reports, I have learned the following, in substance and in part:

  a. On or about May 14, 2025, at approximately 7:35 a.m., a man, later identified as DARRYL CONKLIN, the defendant, walked into a gas station convenience store located in the vicinity of 2215 State Route 52 in Pine Bush, New York (the "Gas Station") wearing a hat, sunglasses, hoodie, pants, and white shoes. The man then approached the individual working behind the cash register (the "Cashier"), pointed what appeared to be a black firearm at the Cashier, and demanded, in sum and substance, that the Cashier give him all of the money in the cash register. The Cashier removed between approximately $500 and $600 from the register and gave it to the man, who then placed the money and firearm into his pants before leaving the store on foot.

### Identification of Conklin

5. Based on my participation in this investigation, conversations with other members of law enforcement, and review of surveillance video, records, and reports, I have learned the following:

  a. Law enforcement officers reviewed surveillance video taken at the Gas Station from on or about May 14, 2025 between approximately 7:35 and 7:40 a.m (the "Gas Station Surveillance Footage"). That footage showed the robbery described above (the "Gas Station Robbery").

  b. Law enforcement officers also reviewed surveillance footage taken from the parking lot next to the Gas Station at or around May 14, 2025, between approximately 7:30 and 7:40 a.m (the "Parking Lot Surveillance Footage"). That footage showed the man who had robbed the Gas Station getting out of a silver Toyota sport utility vehicle ("SUV") with several distinctive features, including a black roof rack, a hood scoop, and a ball hitch. Law enforcement officers then submitted the Parking Lot Surveillance Footage to the Hudson Valley Crime Analysis Center to identify cars matching the description of the aforementioned silver Toyota SUV that had driven within several miles of the Gas Station within the week preceding the Gas Station Robbery. That analysis led to the identification of two potential Toyota SUVs (the "Two Toyota SUVs") that matched the description of the Toyota SUV, including the distinctive features mentioned above, that the robber of the Gas Station had exited in the parking lot.

  c. Law enforcement officers subsequently submitted the Gas Station Surveillance Footage to the Hudson Valley Crime Analysis Center for facial recognition analysis. The Hudson Valley Crime Analysis Center identified DARRYL CONKLIN, the defendant, as a

possible match for the man who had robbed the Gas Station based on photographs associated with CONKLIN's prior arrests in law enforcement databases.

    d. Law enforcement officers obtained vehicle registration information for the Two Toyota SUVs, which showed that one of the two vehicles is a Toyota 4Runner registered to the mother of DARRYL CONKLIN, the defendant. That Toyota 4Runner has a particular license plate number ending in "522" (the "License Plate Number").

    e. Law enforcement officers then reviewed data from license plate readers ("LPRs") within several miles of the Gas Station in the hours preceding and after the Gas Station Robbery. The LPR data showed that a Toyota 4Runner bearing the License Plate Number had been driving in a location approximately 20 minutes from the Gas Station approximately one-hour and forty-five minutes after the Gas Station Robbery.

    f. Law enforcement officers also learned, from prior recent interactions with CONKLIN, that CONKLIN is associated with a specific cell phone bearing a call number ending in 0160 ("Conklin's Cell Phone"). Law enforcement officers reviewed historical location information for Conklin's Cell Phone, which showed that Conklin's Cell Phone was in the vicinity of the Gas Station around the time of the Gas Station Robbery.

    WHEREFORE, I respectfully request that DARRYL CONKLIN, the defendant, be ~~[redacted]~~ imprisoned or bailed, as the case may be.

_____
Aaron Leastman
Special Agent
Federal Bureau of Investigation

Sworn to me this 16th day of May, 2025

_____
THE HONORABLE VICTORIA REZNIK
United States Magistrate Judge
Southern District of New York

3